1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10
11   CELINA MARQUEZ RIVAS, et al.,              )   Case No.: 1:24-cv-00859 JLT CDB
                                                )
12                        Plaintiffs,           )   ORDER GRANTING THE UNITED STATES'
                                                )   MOTION TO DISMISS AND REMANDING
13              v.                              )   ACTION TO KERN COUNTY SUPERIOR
                                                )   COURT
14   KERN COUNTY HOSPITAL AUTHORITY, et )
     al.,                                       )
15                                              )   (Doc. 4)
                                                )
16                        Defendants.           )
     _____)
17

18          Celina Marquez Rivas and Juan Fernando Garcia seek to hold Defendants liable for the death

19   of their newborn daughter, Casandra. (*See generally* Doc. 1-1.) After removing the case from state

20   court and substituting itself as a defendant in place of Defendant Omni Family Health, the United

21   States filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 4.) For

22   the reasons set forth below, the motion is **GRANTED**, Plaintiffs' claims against the United States are

23   **DISMISSED**, and this action is **REMANDED** to the Kern County Superior Court as to Plaintiffs'

24   remaining claims.

25   ///

26   ///

27   ///

28   ///

                                                    1

# I.    BACKGROUND

## A.    Statutory Background

As a general principle, the United States "may not be sued without its consent." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). However, subject to certain exceptions, the Federal Tort Claims Act "provides a waiver of the United States government's sovereign immunity for tort claims arising out of the conduct of government employees acting within the scope of their employment." *Adams v. United States*, 420 F.3d 1049, 1051 (9th Cir. 2005) (citing 28 U.S.C. § 1346(b)(1)); *see* 28 U.S.C. §§ 2671, 2680. Under the FTCA's "exclusive remedies provision, a plaintiff generally cannot sue an employee where the FTCA would allow him to sue the United States instead." *Simmons v. Himmelreich*, 578 U.S. 621, 627-28 (2016) (citing 28 U.S.C. § 2679(b)(1)); *see also Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("The Westfall Act amended the FTCA to make its remedy against the United States the exclusive remedy for most claims against Government employees arising out of their official conduct.").

Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, "federally 'deemed' community health centers and their employees are immune from malpractice suits for acts or omissions that occur within the scope of their employment. Instead, such suits must be brought exclusively against the United States under the [FTCA]." *Huynh v. Sutter Health*, 2021 WL 2268889, at *1 (E.D. Cal. June 3, 2021); *see* 42 U.S.C. §§ 233(a), (g). "Upon certification that the defendant employee was acting within the scope of his employment at the time of the incident giving rise to the suit, the case must be removed" to the federal district court embracing the state action and the proceeding is treated as a FTCA action against the United States, who substitutes as the defendant in place of the federal employee. *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244, 1248 (9th Cir. 2017) (citing 42 U.S.C. § 233(c)); 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4; *see also Moreno v. United States,* 2023 WL 4464237, at *2 (E.D. Cal. July 11, 2023) ("When such certification [under § 2679(d)(1) of the FTCA] is made, the individual employee is dismissed from the case and the United States is substituted as the defendant in place of the employee."). Importantly, "[t]he suit is then governed by the FTCA and is subject to all of the FTCA's exceptions for actions in which the Government has not waived sovereign immunity." *Moreno*, 2023 WL 4464237, at *2 (citing *Wuterich*

*v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009)).

**B.    Factual and Procedural Background**

On November 14, 2022, Plaintiffs brought this medical malpractice action in the Superior Court of California, County of Kern, alleging that their newborn daughter, Casandra, died after being discharged from Kern Medical following her birth despite having high to high-intermediate risk predictors for bilirubin. (*See* Complaint, Doc. 1-1 at 5-6 ¶¶ 22-26.) The Complaint asserts causes of action for wrongful death, negligence, and negligent infliction of emotional distress against Kern County Hospital Authority, operating and known as Kern Medical; Emma Holt, M.D.; Chezhiyan Murugesan, M.D.; Vivette Williams, R.N.; Omni Family Health; Juan Lopez, M.D.; and Does 1-100. (*See generally* Complaint.) Plaintiffs allege that Dr. Holt, Dr. Murugesan, and Nurse Williams are employed, contracted, or otherwise associated with Kern Medical, and that Dr. Lopez is employed, contracted, or otherwise associated with Omni. (*Id.* at 4 ¶¶ 7-9, 11.)

Citing the FSHCAA and Omni's status as a deemed Public Health Service employee, the United States timely removed the action to this Court and substituted itself as a defendant in place of Omni. (*See* Docs. 1, 1-2, 3.)[1] Having established that Plaintiffs' claims against Omni are treated as FTCA claims against the United States, 42 U.S.C. § 233(c), the United States now moves to dismiss the claims based on the FTCA's independent contractor exception. (Doc. 4.) Plaintiffs filed an opposition (Doc. 12), to which the United States replied. (Doc. 13.)

_____

[1] The United States removed this action on July 25, 2024. (*See* Doc. 1.) With its Notice of Removal, the United States filed a "Certification Regarding Scope of Employment," wherein Edward Olsen, Chief of the Civil Division of the U.S. Attorney's Office for the Eastern District of California, certified that Omni was a public or non-profit entity deemed by the Department of Health and Human Services to be an employee of the Public Health Service pursuant to 21 U.S.C. § 233(g) and was acting as a covered person within the scope of that employment at the time of the alleged incidents. (Doc. 1-2 ¶ 2.) On August 1, 2024, following removal and certification, the United States substituted itself as a defendant in place of Omni and filed the pending motion to dismiss. (Docs. 3-4.) Attached to the motion to dismiss are three Notices of Deeming Action issued by the U.S. Health Resources and Services Administration, wherein the HSRA deemed Omni to be a PHS employee for the 2020, 2021, and 2022 calendar years. (Notices of Deeming Action, Ex. 1, Doc. 4-2 at 6-12.) Mr. Olsen's certification is "prima facie evidence that a federal employee was acting in the scope of [its] employment at the time of the incident and is conclusive [for purposes of substitution] unless challenged." *Travis v. Johnson*, 2022 WL 2835020, at *1 (E.D. Cal. July 20, 2022) (quoting *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995)) (alterations added). Plaintiffs did not challenge the substitution or scope certification. Therefore, the United States was properly substituted as the party defendant in Omni's place pursuant to § 233(c).

3

1    **II.      LEGAL STANDARD**

2        Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a

3    claim for relief for lack of subject matter jurisdiction. Such a jurisdictional attack may be "facial" or

4    "factual." The Ninth Circuit explained:

5                In a facial attack, the challenger asserts that the allegations contained in a
            complaint are insufficient on their face to invoke federal jurisdiction. By
6            contrast, in a factual attack, the challenger disputes the truth of the
            allegations that, by themselves, would otherwise invoke federal
7            jurisdiction.

8    *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

9        In resolving a factual challenge to the Court's jurisdiction, the Court "may review any

10   evidence, such as affidavits and testimony." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

11   1988). The Ninth Circuit explained: "Faced with a factual attack on subject matter jurisdiction, the

12   trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. No presumptive

13   truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not

14   preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub.*

15   *Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (cleaned up).

16       "Once the moving party has converted the motion to dismiss into a factual motion by

17   presenting affidavits or other evidence properly brought before the court, the party opposing the

18   motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject

19   matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d

20   1036, 1040 n.2 (9th Cir. 2003) (quoting *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989));

21   *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (same). In such cases, a plaintiff

22   "cannot rest on the mere assertion that factual issues can exist." *Trentacosta v. Frontier Pac. Aircraft*

23   *Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (citation omitted). Nonetheless, a "jurisdictional

24   finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues

25   are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues

26   going to the merits of an action." *Murphy v. United States*, 2025 WL 535666, at *4 (E.D. Cal. Feb. 18,

27   2025) (quoting *Safe Air*, 373 F.3d at 1039). If a plaintiff "fails to meet its burden and the court

28   determines that it lacks subject matter jurisdiction, the court must dismiss the action." *Huynh v. Sutter*

1    *Health*, 2021 WL 4168605, at *3 (E.D. Cal. Sept. 14, 2021) (citing Fed. R. Civ. P. 12(h)(3)).

2        The United States mounts a factual jurisdictional attack by filing declaratory and contractual

3    evidence to challenge the truth of Plaintiffs' allegation that Dr. Lopez is an employee of Omni. (Doc.

4    4-1 at 4-5, citing Doc. 1-1 ¶¶ 11, 41; Doc. 4-2.) *See Trentacosta*, 813 F.2d at 1558 (two contracts and

5    an affidavit); *Edison*, 822 F.3d at 517 (declarations and affidavits).

6    **III.    DISCUSSION**

7        As explained above, the FTCA waives the United States' sovereign immunity for certain tort

8    actions against government employees. 28 U.S.C. § 1346(b)(1)). The FSHCAA extended that waiver

9    to federally supported health centers, *see* 42 U.S.C. § 233(g)(4), as well as "any officer, governing

10   board member, or employee of such an entity, and any contractor of such an entity who is a physician

11   or other licensed or certified health care practitioner," *id.* § 233(g)(1)(A); *M.J. v. United States*, --- F.

12   Supp. 3d ----, 2024 WL 5098220, at *5 (S.D. Cal. Dec. 12, 2024).

13       However, "when a statute like the FSHCAA expands the liability of the government, the court

14   must strictly construe the language used by Congress because the inclusion of contractor liability

15   serves as an expanded waiver of sovereign immunity." *Del Valle v. Sanchez*, 170 F. Supp. 2d 1254,

16   1269 (S.D. Fla. 2001) (citing *Department of the Army v. Blue Fox, Inc.,* 525 U.S. 255 (1999)).

17   Accordingly, such "contract physicians" are "limited to individual physicians who contract *directly*

18   with the federally supported health centers." *M.J.*, 2024 WL 5098220, at *5 (citing *Briggs v. United*

19   *States*, 2015 WL 4459323, at *4 (W.D. Wash. July 21, 2015)) (emphasis added); *see also Dedrick v.*

20   *Youngblood,* 200 F.3d 744, 747 (11th Cir. 2000) ("§ 233(g) sets forth an initial requirement that a

21   qualified individual first must have contracted with a covered entity"); *Del Valle*, 170 F. Supp. 2d at

22   1269 (holding that a physician is a contractor under § 233(g)(1)(A) "only if he or she has entered into

23   a contract with a qualified entity"); *Perez-Rodriguez v. United States*, 2023 WL 2789542, at *4

24   (D.P.R. Mar. 31, 2023) ("[B]ecause a contractor is a 'party to a contract,' *Contractor*, Black's Law

25   Dictionary (11th ed. 2019), the most natural reading of 'any contractor of such an entity' is any party

26   to a contract with that entity.").

27       The United States contends it is immune from suit under the independent contractor exception

28   to the FTCA because Plaintiffs' claims against Omni are based entirely on the actions of Dr. Lopez,

1   who is a "twice-removed" independent contractor of Omni—he "did not contract directly with Omni,

2   nor was he paid as an employee of Omni." (Doc. 4-1 at 2-4.) Rather, it asserts Dr. Lopez "provided

3   services to Omni through an independent contractor agreement between Omni and Pinnacle." (*Id.* at

4   4.) To support its position, the United States attached to its motion a sworn declaration executed by

5   Frances M. Recio, a Senior Attorney with the U.S. Department of Health and Human Services (HHS).

6   (Recio Decl., Doc. 4-2 at 2-3.) Therein, Ms. Recio declares that in 2016, Omni entered into an

7   "Independent Contractor/Consultant Agreement for Obstetrics and Gynecology" ("2016 Agreement")

8   with Pinnacle Women's Health Group, Inc., the purpose of which "was for Pinnacle to supply

9   subcontracted licensed medical professionals to provide OB-GYN services to Omni's patients." (Recio

10  Decl., ¶ 4, citing Ex. 2, Doc. 4-2 at 14-26.) Ms. Recio also states that in 2020, Omni and Pinnacle

11  entered into an "Amendment" to the parties' "Medical Services Agreement," which identified Dr.

12  Lopez, among others, as "approved providers" for Omni. (*See id*. ¶ 5, citing Ex. 3, Doc. 4-2 at 28-29.)

13  Lastly, Ms. Recio declares that based upon her review of the documentation and information provided,

14  Pinnacle was paid directly by Omni as a "1099 independent contractor" for any services Pinnacle's

15  employees, agents, or contractors provided to Omni, and that Dr. Lopez is not considered a "deemed

16  employee" pursuant to the FSHCAA. (*Id.* ¶¶ 6-7.)

17         According to the 2016 Agreement, Omni retained Pinnacle "as an independent contractor to

18  provide [Omni] with access to a network of qualified licensed professionals that provide obstetrics and

19  gynecology clinic and hospital services to [Omni] patients." (2016 Agreement, Recital B, Doc. 4-2 at

20  14.) The parties agreed that Pinnacle would "subcontract with various providers of professional OB-

21  GYN medical services in order to satisfy the staffing requirements" of the Agreement (*id*. at 15 § 2(f));

22  that Pinnacle and its "officers, employees, agents and representatives" would "for no purposes be

23  considered employees" of Omni (*id*. at 20 § 12); that Omni would compensate Pinnacle directly based

24  on the OB-GYN services rendered (*id*. at 17-18 § 9); that Pinnacle would be responsible for paying its

25  licensed professional service providers and employees (*id*. at 20 § 12); and that Pinnacle and each of

26  its sub-contractors would maintain medical professional liability insurance at their own expense.[2] (*Id.*

27

28

---

[2] The United States initially referred to the FTCA's general independent contractor exception, under which the

6

1    at 18 § 10(a)(1).)

2        Plaintiffs' opposition raises very few challenges to the United States' motion. Plaintiffs main

3    argument is that the motion and its supporting documents are "defective" because the 2016 Agreement

4    expired before October 2021, when the incidents giving rise to this action occurred. (Doc. 12 at 4-5.)[3]

5    The United States clarifies in reply that although the 2016 Agreement was set to expire on January 23,

6    2021, the MSA, attached as an exhibit, also included a five-year extension to this date.[4] (*See* Doc. 13

7

8

9    _____

10   FTCA's waiver "explicitly excludes 'any contractor with the United States' from its definition of '[e]mployee
     of the government.'" *Edison*, 822 F.3d at 517-18 (quoting 28 U.S.C. § 2671). Under this exception, "[t]he

11   critical element in distinguishing an agency from a contractor is the Government's power 'to control the
     detailed physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 808 (1976) (quoting

12   *Logue v. United States*, 412 U.S. 521, 528 (1973)). "[T]here must be substantial supervision over the day-to-day
     operations of the contractor in order to find that the individual was acting as a government employee." *Autery v.*

13   *United States*, 424 F.3d 944, 957 (9th Cir. 2005) (citation and quotation marks omitted).

14       However, the United States focuses its discussion on Dr. Lopez's FTCA coverage as a contractor under
     § 233(g)(1)(A) of the FSHCAA. Likewise, Plaintiffs' opposition does not address Dr. Lopez's status as an

15   "employee of the government" pursuant to 28 U.S.C. § 2671. Therefore, the Court finds it unnecessary to apply
     the "control" test established in *Logue* and *Orleans*. It is worth briefly mentioning, however, that the 2016

16   Agreement between Omni and Pinnacle does not indicate that Omni maintained control of or responsibility for
     any of Pinnacle's subcontractor medical providers, including Dr. Lopez. Moreover, Plaintiffs present no

17   evidence contradicting this. Thus, the United States has presented sufficient evidence to establish that Dr. Lopez
     is not a government employee under § 2671 of the FTCA. *See, e.g.*, *Briggs*, 2015 WL 4459323, at *4

18   (indications in contract between physician's employer and federally funded health center that physician was
     required to exercise independent medical judgment, that she was not an employee of health center, that she was

19   "neither selected nor paid directly by" health center, and that employer was responsible for evaluating,
     directing, paying, insuring, testing and terminating physician, were "sufficient to establish her independent

20   contractor status as a matter of law"); *Del Valle*, 170 F. Supp. 2d at 1267-68 (collecting cases to demonstrate
     that other circuits "consistently have held that physicians in private practice or associated with an organization

21   under contract to provide medical services to facilities operated by the federal government are independent
     contractors, not employees of the government for FTCA purposes").

22   [3] Plaintiffs assert that the motion "cannot support dismissal" because *the United States* has not shown a *lack* of

23   subject matter jurisdiction. (*See* Doc. 12 at 4.) As discussed *supra*, this improperly shifts the burden of proof.
     *See Savage*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). Therefore, to the extent Plaintiffs' arguments are

24   premised on this assertion, they are rejected.

25   [4] Plaintiffs contend that the Agreement was effective as of January 23, 2016 and expired on January 22, 2021.
     (*See* Doc. 12 at 5-6.) The United States does not meaningfully dispute this. (*See* Doc. 13 at 2 ["Plaintiffs are

26   correct that the … Agreement was set to expire on January 23, 2021."].) Thus, despite the apparent error in § 1,
     which provides that the Agreement "shall expire automatically without any further notice by any party hereto

27   on January 23, 2016," the Agreement otherwise indicates that it had a five-year term and an effective date of
     January 23, 2016. (*See* 2016 Agreement, Doc. 4-2 at 14-15.) Accordingly, the Court proceeds under the

28   assumption that the Agreement expired in January 2021.

1    at 2, citing MSA, Ex. A-1 to Supp. Recio Decl., Doc. 13-1 at 6-28.)[5] Though the MSA was not part of

2    the evidence initially submitted with the United States' motion, it notes that the Amendment, which

3    *was* filed with its motion, refers to the MSA, and therefore, the MSA's terms merely confirm what was

4    demonstrated in the motion—that a contractual relationship only existed between Omni and Pinnacle.

5    (*See* Doc. 13 at 2 n.1.) The Amendment, executed by Omni and Pinnacle in February 2020, specifies

6    that Pinnacle (referred to therein as "Contractor") entered into a separate "Medical Services

7    Agreement" with Omni in October 2018. (Doc. 4-2 at 28-29.) It also indicates that Dr. Lopez was an

8    "approved provider" under the MSA. (*See id.* at 29.) Thus, presented with Plaintiffs' argument that the

9    2016 Agreement had expired, the United States properly submitted the full terms of the MSA to

10    demonstrate that a contractual relationship, in fact, existed between Omni and Pinnacle in October

11    2021. The terms of the MSA reveal that Omni and Pinnacle's contractual relationship continued

12    through at least October 2023, irrespective of the 2016 Agreement's expiration. (*See* MSA § 5, Doc.

13    13-1 at 11.)

14            With that said, Plaintiffs' argument fails to acknowledge the pertinent issue. The United States'

15    factual attack on the Court's jurisdiction challenges the truth of Plaintiffs' allegation that Dr. Lopez

16    was an employee of Omni. To support its position to the contrary, the United States relies on the lack

17    of evidence of a direct contractual relationship between Omni and Dr. Lopez, which is bolstered by

18    evidence that Omni and Pinnacle entered into at least two independent contractor agreements, wherein

19    the parties agreed that Pinnacle would provide OB-GYN services to Omni by employing or

20    contracting with licensed medical professionals, including Dr. Lopez. (*See* 2016 Agreement § 2(f),

21    Doc. 4-2 at 16; MSA § 2(b), Doc. 13-1 at 8; Amendment, Ex. A, Doc. 4-2 at 29.)

22            In sum, the United States' evidence demonstrates that Omni only directly contracted with

23    Pinnacle and that any services provided to Omni by Dr. Lopez were through Pinnacle. *See, e.g.*, *M.J.*,

24    2024 WL 5098220, at *11 ("[T]he Ninth Circuit has held that physicians practicing at a federally

25

26

27    ───────────────
       [5] Included with the United States' reply brief is a supplemental declaration executed by Ms. Recio, in which she
       states that when her first declaration was executed, HHS could only locate the 2016 Agreement and
28    Amendment I to the MSA but has since been able to locate additional contractual documents relating to Omni,
       including the MSA. (*See* Supp. Recio Decl. ¶ 6(a), citing MSA, Doc. 13-1 at 6-28.)

funded medical center through their employment with a third-party service provider are not employees or contractors for purposes of FTCA's waiver."); *Briggs*, 2015 WL 4459323, at *4 (physician was not covered contractor under FSHCAA because she did not directly contract with federally funded health center, Sea-Mar, but rather with CompHealth, who then contracted with Sea-Mar to provide temporary medical staffing); *Perez-Rodriguez*, 2023 WL 2789542, at *4 ("Because Dr. Casanova is not an individual who has a contract with [the federally funded health center], he is not its contractor within the meaning of § 233(g).").

Faced with this evidence, Plaintiffs present no evidence to demonstrate that Dr. Lopez was employed by or directly contracted with Omni. Considering Omni's deemed PHS employee status, Dr. Lopez is a "contractor" of Omni within the meaning of § 233(g). They rely solely on the allegation in the Complaint that Dr. Lopez "is an individual that is employed, contracted, or otherwise associated" with Omni. (Doc. 12 at 6, citing Complaint at 4 ¶ 11.) In these circumstances, however, no presumptive truthfulness applies to Plaintiffs' allegations.[6] *Thornhill*, 594 F.2d at 733. To satisfy their burden of establishing subject matter jurisdiction, Plaintiffs were required to furnish evidence from sources *other than* their own pleadings. *Trentacosta*, 813 F.2d at 1559; *Savage*, 343 F.3d at 1040 n.2.

## IV.    CONCLUSION AND ORDER

Based upon the foregoing, the Court concludes that the United States has not waived sovereign immunity for claims based on the conduct of Dr. Lopez. Thus, the Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims against the United States. Accordingly, the Court **ORDERS**:

1.    The Clerk of Court is directed to terminate Omni Family Health as a defendant to this action in light of the United States' substitution. (Doc. 3.)

2.    The United States' motion to dismiss this action for lack of subject matter jurisdiction (Doc. 4) is **GRANTED** and Plaintiffs' claims asserted against the United States, sued

---

[6] Plaintiffs' final argument is that "because the issues of jurisdiction and substance are intertwined, disputed facts may not be resolved" in ruling on the instant motion and the Court must assume the truth of the allegations in the Complaint. (*See* Doc. 12 at 6, quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).) However, Plaintiffs wholly fail to explain how the issues are intertwined. To the contrary, whether Dr. Lopez is entitled to FTCA coverage "do[es] not implicate the merits of Plaintiffs' cause of action." *Safe Air*, 373 F.3d at 1039 n.3 (quoting *Morrison v. Amway Corp.,* 323 F.3d 920, 925 (11th Cir. 2003)).

as Omni Family Health, are **DISMISSED** without prejudice.

3.    This action is **REMANDED** to the Kern County Superior Court to proceed on Plaintiffs' remaining claims.

///

4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **April 22, 2025**

UNITED STATES DISTRICT JUDGE